IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMREP CORPORATION,

    Plaintiff,

vs.                                                    Civ. No. 98-888 LH/WWD

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Compel filed April 28, 1999. The motion seeks an order compelling Plaintiff AMREP Corporation (AMREP) to answer fully Defendant's interrogatory no. 13 and to respond fully to Defendant's request for production no. 4. Interrogatory no. 13 reads as follows:

> 13. Identify by providing (a) the complete caption, (b) cause number, (c) state and country where filed, name and address of plaintiff's attorney, and the name of AMREP Corporation's attorney for every lawsuit filed against AMREP Corporation or its subsidiaries since 1984, in which AMREP Corporation or its subsidiary retained a lawyer who entered an appearance in the lawsuit without first giving notice of the lawsuit to or demanding a defense from LMIC. For each lawsuit listed, provide the name of the AMREP Corporation officer, employee or consultant who made the decision to enter an appearance in the lawsuit before giving notice to LMIC.

AMREP objects to the interrogatory on the ground the information has been produced and that the burden of compiling the answer sought is no more substantial for Defendant than for AMREP. AMREP also questions the relevance of the information sought. AMREP then lists certain lawsuits which were filed against it in the Thirteenth Judicial District of the State of New Mexico

in Sandoval County; however, AMREP fails to identify the Plaintiff's attorney and its own attorney in these actions.

Defendant's request for production no. 4 reads as follows:

Produce all insurance files related to the negotiations, purchase, renewal, or claims asserted under the Policies, and identify the location of the office from which they are produced.

AMREP objects to the request on the basis that the Defendant has the documents sought, and that the burden of compiling the response is the same for the Defendant as for AMREP. AMREP also objects on the basis of relevance.

*Discussion*

Although I find that Interrogatory No. 13 is overly broad, this can be easily cured by limiting it to the lawsuits filed within the State of New Mexico which meet the other criteria set out in the interrogatory. I decline to edit Request for Production No. 4 which on its face, lacking any restriction as to either geography or time, is overly broad.

**WHEREFORE,**

**IT IS ORDERED** that on or before May 17, 1999, Plaintiff AMREP Corporation shall furnish full and complete responses to Interrogatory No. 13 and the subparts thereof limited to lawsuits within the State of New Mexico.

**IT IS FURTHER ORDERED** that in all other respects, Defendant's Motion to Compel is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE